THE STATE v. DOW.

1. **Intoxicating Liquors:** INDICTMENT: TWO COUNTS, BUT NOT NUM-
BERED. The indictment in this case contained two paragraphs. The
first charged the keeping of a nuisance in a certain building situated in
the county, and the second charged the keeping of a nuisance in a
building situated on a certain described lot. Each paragraph fully
charged a crime under the statute, but they were not numbered. *Held*
that the court properly ruled that the indictment contained two counts.

*Appeal from Mahaska District Court*—HON. W. R. LEWIS,
Judge.

TUESDAY, DECEMBER 20.

INDICTMENT for a nuisance. Trial by jury, verdict guilty,
and judgment. The defendant appeals.

*Bolton & McCoy* and *John F. Lacey*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

SEEVERS, J.—The indictment is as follows:

"DISTRICT COURT OF MAHASKA COUNTY.

"*The State of Iowa v. Nathan Dow and William Green-
way.*

"The grand jury of Mahaska county, state of Iowa, in
the name and by the authority of the state of Iowa, accuse
Nathan Dow and Wm. Greenway of the crime of causing a
nuisance committed as follows: The said Nathan Dow and
Wm. Greenway, at the county of Mahaska, and state of Iowa,
on the 30th day of March, A. D. 1887, unlawfully did use
a certain building, then and there situate, and under the con-
trol of Nathan Dow and Wm. Greenway, for the purpose of
unlawfully selling certain intoxicating liquors, to-wit, rum,
gin, brandy, whisky, wine, bitters, beer, Irish and mum and
alcohol therein, and did unlawfully sell said liquors in said
building in said state and county, to the common nuisance of
all the people of the state of Iowa, and contrary to the form
of the statute in such cases made and provided.

"And the grand jury of Mahaska county, and state of Iowa, in the name and by the authority of the state of Iowa, further accuse Nathan Dow and Wm. Greenway of the crime of causing a nuisance, committed as follows: The said Nathan Dow and Wm. Greenway, at the county of Mahaska, and state of Iowa, on the 30th day of March, A. D. 1887, did unlawfully use a certain building, then and there situate, and under the control of Nathan Dow and Wm. Greenway, for the purpose of unlawfully keeping certain intoxicating liquors, to-wit, rum, gin, brandy, whisky, bitters, beer, Irish and mum and alcohol therein, and did unlawfully keep said liquors in said building, in said state, with the intent then and there unlawfully to sell the same, to the common nuisance of all the people of the state of Iowa, and contrary to the form of the statute in such cases made and provided, the premises being the east one-third of lot No. two, (2,) in block No. 35, old plat, in Oskaloosa, Iowa.

W. W. HASKELL,

"County Attorney for Mahaska County, Iowa."

The court below held that the indictment contained two counts, and instructed the jury to acquit the defendant on what the court designated as the second count, for the reason that the evidence failed to show that any nuisance had been committed in a building situate on the premises therein described. To the holding of the court that the indictment contained two counts, the defendants excepted, and, by instructions asked, which were refused, and otherwise, the correctness of the ruling just stated is fairly presented. It will be observed that there is a blank space about the middle of the indictment; and if what preceded had been numbered or designated as the first count, and what followed as the second, there would be no doubt, we think, that the ruling of the court would be correct; for what precedes the blank space is a perfect and complete count, and so is that which follows such space. The only defect, therefore, it seems to us, is the failure to number the two counts, or to divide the matter of

the indictment, or otherwise designate what is claimed to be two counts, so as to render it absolutely certain that such was the intention of the pleader. An indictment is. defined by statute to be " a statement of the facts constituting the offense, * * * in such manner as to enable a person of common understanding to know what is intended." It " must charge but one offense, but it may be charged in different forms to meet the evidence; * * * but this section shall in no manner affect any provisions of this Code providing for the suppression of intemperance." (Code, §§ 4296–4300.) It seems to us the court did not err in construing the indictment. It seems to us that no other construction could be fairly adopted. It fairly appears that appellant was charged with keeping a nuisance in a building. This charge is full and complete. He was further charged with keeping a nuisance in a building on a particular lot. This charge is full and complete, without reference to, or being in any way connected with, what precedes it. What precedes and what follows the blank space contains all the formal words necessary to make two separate and distinct counts, and such evidently was the intention of the pleader, and counsel for the defendant, we think, must have so understood.

AFFIRMED.